UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:                                                                        Case No.: 14-40806-cec

Ladder 3 Corp.,                                                        Chapter 7

                              Debtor.
-------------------------------------------------------------X
ROBERT J. MUSSO, Chapter 7 Trustee of the
Estate of Ladder 3 Corp.,
                                                     Adv. Proc. No.
                       Plaintiff,

               -against-                                                 COMPLAINT

OTR Media Group, Inc.,
                   Defendant.
-------------------------------------------------------------X

       Plaintiff, ROBERT J. MUSSO ("Plaintiff" or "Trustee"), trustee of the estate of Ladder 3 Corp. ("Debtor"), as his complaint against OTR Media Group, Inc. ("Defendant"), alleges the following upon information and belief:

### Parties and Venue

       1.     This is an adversary proceeding brought pursuant to 11 U.S.C. §542, New York law and Bankruptcy Rules 7001 and 7003 to recover monies owed to the Debtor by the Defendant.

       2.     This Court has jurisdiction of this action under 28 U.S.C. §1334, and this action constitutes a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (E), and (O).

       3.     On February 26, 2014 ("Filing Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 United States Code (the "Bankruptcy Code").

       4.     Plaintiff is the duly qualified and acting Trustee of the Debtor's estate.

       5.     As trustee of the Debtor's estate, Plaintiff is authorized and entitled to recover monies owed to the Debtor.

3

6. Upon information and belief, Defendant is a domestic corporation with offices located in Kings County and also at 120 Wall Street, 32nd Floor, New York, N.Y. 10005.

7. Upon information and belief, Defendant is an outdoor advertising company that, amongst other things, leases and/or sells billboards, bulletins, wallscapes and spectaculars in prime locations throughout New York City and elsewhere.

8. The Debtor was in the business of rigging, erecting, maintaining and/or removing the types of billboards, bulletins, wallscapes and spectaculars that Defendant leased and/or sold.

9. For a number of years, the Debtor and Defendant entered into numerous written and oral contracts whereby the Debtor rigged, erected, maintained and/or removed numerous signs at the specific request and instruction of the Defendant.

10. This lawsuit stems from the Defendant's breach of numerous contracts entered into by the parties whereby the Debtor rigged, erected maintained and/or removed numerous billboard signs at the specific request and instruction of the Defendant and seeks the recovery of a debt owed to the Debtor by the Defendant.

## AS AND FOR A FIRST CAUSE OF ACTION: BREACH OF CONTRACT:

11. Plaintiff repeats, reiterates and re-alleges each and every allegation as contained in paragraphs numbered 1-10 with the same force and effect as if more fully set forth herein at length.

12. The Debtor and the Defendant entered into agreements whereby Plaintiff agreed to rig, erect, maintain and/or remove numerous signs at the specific request and instruction of the Defendant.

13. The agreements provided that the Debtor would be paid a fair and reasonable sum for the labor, services and/or materials provided to the Defendant.

14. That the Debtor fully and faithfully performed its obligations pursuant to the agreements and duly demanded payment of the amounts due and owing.

15. That the Defendant has wrongfully breached the agreements by wrongfully failing to tender the required payments to the Plaintiff.

16. That on or about June 1, 2010, Defendant was indebted to the Debtor in the amount of $415,163.55.

17. That on or about August 24, 2011, Defendant tendered a single payment to the Debtor in the amount of $12,500.00.

18. Based on the foregoing, the Defendant indebted to the Debtor in the amount of four hundred two thousand six hundred sixty-three and 55/100 ($402,663.55) dollars with interest from June 1, 2010, for breach of Contract and must turnover that amount to Plaintiff, as trustee of the Debtor's estate.

19. This unpaid amount has not been paid from any other source.

### AS AND FOR A SECOND CAUSE OF ACTION: ACCOUNT STATED:

20. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1-19 of this Verified Complaint as if more fully set forth herein.

21. True and accurate accounts of the Debtor's charges were rendered to Defendant on a regular basis and retained without objection. An account has therefore

been stated between the Debtor and Defendant in the amount of four hundred-fifteen thousand one hundred sixty-three and 55/100 ($415,163.55) dollars.

22.     That on or about August 24, 2011, Defendant tendered a single payment to the Debtor in the amount of $12,500.00.

23.     Based on the foregoing, Defendant is indebted to the Debtor in the amount of four hundred two thousand six hundred sixty-three and 55/100 ($402,663.55) dollars with interest from June 1, 2010, for an account stated and must turnover that amount to Plaintiff, as trustee of the Debtor's estate.

24.     This unpaid balance has not been paid from any other source.

### AS AND FOR A THIRD CAUSE OF ACTION: QUANTUM MERUIT:

25      Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1- 24, of this Verified Complaint as if more fully set forth herein.

26.     The Debtor performed said services on behalf of Defendant and Defendant agreed to pay the Debtor the fair and reasonable value for the materials provided.

27.     To its detriment, the Debtor relied on said agreement and did in fact provide labor and/or materials for the agreed to reasonable and fair price of four hundred-fifteen thousand one hundred sixty-three and 55/100 ($415,163.55) dollars.

28.     Defendant has wrongfully refused to honor its agreement to pay for the same.

29.     Defendant has wrongfully benefitted from the labor and/or materials provided by the Debtor without paying for the same, all to the great detriment of the Debtor and the Debtor's estate.

30.     That on or about August 24, 2011, Defendant tendered a single payment to the Debtor in the amount of $12,500.00.

31.     There remains a balance due and owing to the Debtor in the amount of four hundred two thousand six hundred sixty-three and 55/100 ($402,663.55) dollars, which sum is now due and owing to the Debtor with interest thereon from June 1, 2010, no part of which has been paid despite due demand from the Debtor.

32.     The Debtor was entitled to the full, fair and reasonable amount it is owed, namely, four hundred two thousand six hundred sixty-three and 55/100 ($402,663.55) dollars, which sum is now due and owing to the Debtor with interest thereon from June 1, 2010, together with attorney's fees and the costs and disbursements of this action and Defendant must turnover that amount to Plaintiff, as trustee of the Debtor's estate.

**WHEREFORE,** the Plaintiff demands judgment against the Defendant as follows:

(i)     On the First Cause of Action against the Defendant OTR MEDIA GROUP, INC. in the amount of four hundred two thousand six hundred sixty-three and 55/100 ($402,663.55) dollars with interest from June 1, 2010 for Breach of Contract;

(ii)    On the Second Cause of Action against the Defendant OTR MEDIA GROUP, INC. in the amount of four hundred two thousand six hundred sixty-three and 55/100 ($402,663.55) dollars with interest from June 1, 2010 for an Account Stated;

(iii)   On the Third Cause of Action against the Defendant OTR MEDIA GROUP, INC. in the amount of four hundred two thousand six hundred sixty-three and 55/100 ($402,663.55) dollars with interest from June 1, 2010 for Quantum Meruit;

all together with the interest, costs, expenses and disbursements of this action and such other and further relief as the Court deems appropriate.

Dated: Brooklyn, New York
       February 18, 2016

                                              GUTMAN WEISS, P.C.
                                              *Attorneys for Robert J. Musso, Trustee*

                                              _____
                                              By: Arthur Gutman, Esq.
                                              2276 Sixty-Fifth Street, 2nd Floor
                                              Brooklyn, N.Y. 11204
                                              718-259-2100 (p)