UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                                    Chapter 7

Ladder 3 Corp,                                                     Case No. 14-40806-cec

                         Debtor.
-------------------------------------------------------------x

Robert J. Musso, Chapter 7 Trustee of the Estate        Adv. Pro. No. 16-01053-cec
of Ladder 3 Corp.,

                         Plaintiff,

      v.

OTR Media Group, Inc.,

                         Defendant.
-------------------------------------------------------------x

## DECISION ON MOTION
## FOR SUMMARY JUDGMENT

### APPEARANCES

| | |
|---|---|
| Alan Weiss, Esq. | Wayne M. Greenwald, Esq. |
| Gutman Weiss, P.C. | Wayne Greenwald, P.C. |
| 2276 65th Street, 2nd Fl. | 475 Park Avenue South, 26th Fl. |
| Brooklyn, NY 11204 | New York, NY 10016 |
| Counsel for the Plaintiff | Counsel for the Defendant |

CARLA E. CRAIG
Chief United States Bankruptcy Judge

This motion for summary judgment comes before the Court on a motion by Robert J. Musso, chapter 7 trustee (the "Trustee") to enforce the terms of a stipulation of settlement between Ladder 3 Corp. (the "Debtor" or "Ladder 3") and OTR Media Group, Inc. ("OTR Media Group" or the "Defendant"). For the reasons set forth below, the Trustee's motion for summary judgment is granted, and the Defendant's cross-motion for summary judgment is denied.

## JURISDICTION

This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b), and the Eastern District of New York standing order of reference dated August 28, 1996, as amended by order dated December 5, 2012. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

## BACKGROUND

The facts relevant to this motion are not in dispute, except as otherwise indicated.

OTR Media Group is an outdoor advertising company that leases and sells billboards, bulletins, wallscapes, and spectaculars in locations throughout New York City. (Mot. For Summ. J., ¶ 4, ECF No. 20.)[1] Ladder 3 rigged, erected, maintained, and removed the same billboards, bulletins, wallscapes, and spectaculars that OTR Media Group leased and sold. (Mot. For Summ. J., ¶ 4, ECF No. 20.) On or about August 2, 2010, Ladder 3 commenced an action against the Defendant in the Supreme Court of New York, County of Kings, pleading breach of contract, account stated, and quantum meruit. (Adv. Pro. No. 10-01311-jbr, ECF No. 1.) On August 4, 2010, Ladder 3 filed a petition for relief under chapter 11 of the Bankruptcy Code (the "2010 Bankruptcy Case"). (Case No. 10-47430-jbr, ECF No. 1.) On October 7, 2010, the Debtor filed a notice of removal to the United States District Court for the Eastern District of New York. (Adv.

---

[1] All references to "ECF No." are to documents filed in Adv. Pro. No. 16-01053-cec, unless otherwise stated.

1

Pro. No. 10-01311-jbr, ECF No. 1.)  The adversary proceeding was referred to the United States Bankruptcy Court for the Eastern District of New York (the "2010 Adversary Proceeding").  (Adv. Pro. No. 10-01311-jbr, ECF No. 1.)  On January 10, 2011, the Defendant filed an answer to the complaint in the 2010 Adversary Proceeding, and asserted counterclaims under state law.  (Adv. Pro. No. 10-01311-jbr, ECF No. 5.)

On June 16, 2011, the Defendant and the Debtor sought approval from the bankruptcy court of a stipulation settling the 2010 Adversary Proceeding.  (Adv. Pro. No. 10-01311-jbr, ECF No. 14.)  The stipulation provided that the Defendant would pay the Debtor $250,000 in full and final settlement of the claims and counterclaims in the 2010 Adversary Proceeding.  (Case No. 10-47430-jbr, ECF No. 136, Ex. A ¶¶ 1, 3; Adv. Pro. No. 10-01311-jbr, ECF No. 14, Ex. A (the "Stipulation").)  The Defendant agreed to pay $12,500 per month commencing on July 1, 2011 and continuing on the first day of each month thereafter, until the $250,000 was paid in full (the "Stipulated Payment Schedule").  (Stipulation ¶¶ 1(a), 1(b).)

The Stipulation further provided that in the event of default, the Debtor would be entitled to recover legal fees from the Defendant, and to seek entry of "judgment against OTR [Media Group], without further notice, in the amount of three hundred thousand ($300,000) dollars less credits for payments actually made pursuant to this Stipulation."  (Stipulation ¶¶ 5, 9.)   In April of 2011, the Debtor, the Defendant, and their respective counsel executed the written Stipulation. (Stipulation.)  On July 11, 2011, the court issued an order approving the Stipulation, as executed by the Debtor and the Defendant.  (Adv. Pro. No. 10-01311-jbr, ECF No. 15; Case No. 10-47430, ECF No. 144.)  The 2010 Adversary Proceeding was closed on August 3, 2011.  (See Adv. Pro. No. 10-01311-jbr.)  On August 24, 2011, the Defendant made one payment under the Stipulated

Payment Schedule, and defaulted on all subsequent payments.[2] (Am. Compl. ¶¶ 19-20, ECF No. 11.)

On December 7, 2011, the Debtor filed an unopposed motion to dismiss the 2010 Bankruptcy Case. (Mot. to Dismiss, Case No. 10-47430-jbr, ECF No. 193.) The Debtor stated that it had "worked through its problems with various creditors, coming to agreements that did not require plan confirmation." (Mot. to Dismiss ¶ 4, Case No. 10-47430-jbr, ECF No. 193.) The court granted the motion to dismiss on January 18, 2012. (Order Dismissing Case, Case No. 10-47430-jbr, ECF No. 204.)

## PROCEDURAL HISTORY

On February 26, 2014, the Debtor filed a petition under chapter 7 commencing this bankruptcy case and the Trustee was appointed. (Petition, Case No. 14-40806-cec, ECF No. 1.) On June 5, 2014, a final decree was issued, and this chapter 7 case was closed. (Case No. 14-40806-cec, ECF No. 8.) On August 6, 2015, the Trustee filed a motion to reopen this case to collect a judgment of $250,000 previously obtained by the Debtor. (Case No. 14-40806-cec, ECF No. 9.) On September 21, 2015, the motion to reopen this chapter 7 case was granted. (Case No. 14-40806-cec, ECF No. 10.)

On February 22, 2016, the Trustee filed a complaint commencing this adversary proceeding against OTR Media Group, which was amended on June 17, 2016, alleging that the Defendant had breached the Stipulation, and that the breach resulted in liquidated damages in the amount of $287,500 under the terms of the Stipulation. (Am. Compl., ECF No. 11.) The Trustee also sought recovery of attorneys' fees. (Am. Compl., ECF No. 11.) On November 16, 2016, the

---

[2] OTR Media Group filed a voluntary petition under chapter 11 of the Bankruptcy Code on August 25, 2011. (Case No. 11-47385-ess, ECF No. 1.) That bankruptcy case was dismissed on January 7, 2014. (Case No. 11-47385-ess, ECF No. 584.)

3

Defendant filed an answer, asserting affirmative defenses and state law counterclaims for breach of contract and interference with contract. (Answer, ECF No. 18.)

On December 30, 2016, the Trustee moved for summary judgment, alleging that the Trustee was entitled to judgment as a matter of law because the Defendant breached the Stipulation by defaulting under the terms of the Stipulation (the "Motion for Summary Judgment"). (Mot. for Summ. J., ECF No. 20.) On February 4, 2017, the Defendant filed opposition to the Motion for Summary Judgment, asserting that the Stipulation is null and unenforceable under § 349(b) (the "Opposition").[3] (Opp'n to Sum. J., ECF No. 23-7.) The Defendant argued that Stipulation was rendered unenforceable by the dismissal of the 2010 Bankruptcy Case, because § 349(b)(2) and (3) operated to return the Debtor and OTR Media Group to their pre-petition positions. (Opp'n to Sum. J., ECF No. 23-7.) The Opposition also contained a cross-motion for summary judgment. (Opp'n to Sum. J., ECF No. 23-7.) On February 24, 2017, the Trustee filed a letter withdrawing the fourth cause of action from the Motion for Summary Judgment, which sought legal fees from the Defendant. (Letter, ECF No. 25.)

The Court held a hearing on the Motion for Summary Judgment on February 14, 2017. (Hearing Tr., ECF No. 26.) The Defendant did not dispute that it had voluntarily executed the Stipulation with the Debtor, nor did the Defendant dispute that the bankruptcy court had approved the Stipulation pursuant to Federal Rule of Bankruptcy Procedure 9019 in the 2010 Adversary Proceeding and the 2010 Bankruptcy Case. (Hearing Tr., 4:4-9, ECF No.26.) Further, there was no dispute that the Defendant breached the Stipulation by failing to make any payments under the Stipulated Payment Schedule following the first payment of $12,500. (Hearing Tr., 14:20-25, ECF No. 26.)

---

[3] Unless otherwise indicated, all statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101, et seq.

LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  When deciding a motion for summary judgment, the court's function is not to resolve disputed issues of fact, but only to determine whether there is a genuine issue of material fact to be tried.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  A fact is material if it "might affect the outcome of the suit under the governing law."  Id. at 248.  No genuine issue exists "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  Id. at 249-50 (citations omitted).  "The nonmoving party must show that there is more than a metaphysical doubt regarding a material fact and may not rely solely on self-serving conclusory statements."  Rosenman & Colin LLP v. Jarrell (In re Jarrell), 251 B.R. 448, 450-51 (Bankr. S.D.N.Y. 2000) (citations omitted).  Where the record could not lead a rational trier of fact to find for the summary judgment nonmovant, there is no genuine issue for trial.  Ricci v. DeStefano, 557 U.S. 557 (2009).

DISCUSSION

OTR Media Group objects to enforcement of the Stipulation, asserting that § 349(b) rendered the Stipulation null and unenforceable upon the dismissal of the 2010 Bankruptcy Case. (Opp'n to Sum. J. ¶ 4, ECF No. 23.)  Section 349(b) provides in pertinent part:

> (b) Unless the court, for cause, orders otherwise, a dismissal of a case other than under section 742 of this title—
>     (1) reinstates—
>         (A) any proceeding or custodianship superseded under section 543 of this title;

> (B) any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or preserved under section 510(c)(2), 522(i)(2), or 551 of this title; and
> (C) any lien voided under section 506(d) of this title;
> (2) vacates any order, judgment, or transfer ordered, under section 522(i)(1), 542, 550, or 553 of this title; and
> (3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title.

11 U.S.C. § 349. Thus, § 349(b) lists certain Bankruptcy Code sections, the operative impact of which is reversed by dismissal of the case unless the court "for cause, orders otherwise." 11 U.S.C. § 349(b).

I. Section 349(b)(2)

In an effort to fit the order approving the Stipulation within the parameters of one of the sections listed in § 349(b), the Defendant asserts that the order approving the Stipulation was an order under § 542(b), and therefore was vacated pursuant to § 349(b)(2) upon dismissal of the 2010 Bankruptcy Case. (Opp'n to Sum. J., ECF No. 23-7; see also Hearing Tr. p. 17-18, ECF No. 26.)

A. The 2010 Adversary Proceeding cannot be characterized as an action for turnover under § 542(b).

Section 542(b) provides a turnover mechanism for the trustee to marshal property of the estate for distribution to creditors. Section 542(b) provides:

> [e]xcept as provided in subsection (c) or (d) of this section, an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor.

11 U.S.C. § 542(b). Turnover actions involve the return of undisputed funds. See Shea & Gould v. Red Apple Cos. (In re Shea & Gould), 198 B.R. 861, 867 (Bankr. S.D.N.Y. 1996) (quoting

6

Borock v. Turner Constr. Co. (In re Sardo Corp.), Bankr. No. 91 B 09826, Adv. No. 95 A 01620, 1996 WL 362756, at *14 (Bankr. N.D. Ill. June 11, 1996) ("[a]n action is properly characterized as one for turnover where the trustee or debtor in possession is seeking to obtain property of or owned by the debtor, as opposed to seeking property owed to the debtor.")). A suit by a debtor against a non-creditor arising out of a state law cause of action is not a turnover action. See J.T. Moran Fin. Corp. v. Am. Consol. Fin. Corp. (In re J.T. Moran Fin. Corp.), 124 B.R. 931, 938 (Bankr. S.D.N.Y. 1991) (holding that an adversary proceeding to recover under the terms of defaulted notes was not properly characterized as an action for turnover because the debt claimed was disputed).

The complaint in the 2010 Adversary Proceeding asserted causes of action arising under state law for breach of contract, account stated, and quantum meruit. (Adv. Pro. No. 10-01311-jbr, ECF No. 1.) The Defendant filed an answer to the complaint disputing liability, as well as asserting affirmative defenses and counterclaims under state law. (Adv. Pro. No. 10-01311-jbr, ECF No. 5.) Since an action involving a disputed state law claim is not properly characterized as an action for turnover, the claims asserted in the 2010 Adversary Proceeding cannot be characterized as an action for turnover under § 542.

B. <u>The order approving the Stipulation under Bankruptcy Rule 9019 was not an order directing turnover under § 542(b).</u>

Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rule 9019") governs the approval of compromises and settlements, and provides:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a). In approving a compromise or settlement, the court must make an "informed and independent judgment" as to whether the compromise or settlement is fair and equitable. <u>Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC)</u>, 478 F.3d 452, 462 n.15 (2d Cir. 2007) (quoting <u>Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson</u>, 390 U.S. 414, 424-25 (1968)). In the 2010 Bankruptcy Case, the Stipulation was approved under Bankruptcy Rule 9019, because the Stipulation was "in the best interest[s] of the estate." (Adv. Pro. No. 10-01311-jbr, ECF No. 15; Case No. 10-47430-jbr, ECF No. 144.)

Section 349(b)(2) operates to vacate the Stipulation only if the order approving the Stipulation was entered under a section enumerated in § 349(b)(2). <u>See</u> <u>Gulf Ins. Co. v. Glasbrenner</u>, 343 B.R. 47, 55 (S.D.N.Y. 2006) ("By its terms, section 349(b)(2) vacates only those orders entered pursuant to the enumerated sections . . . ."). The Stipulation was approved in the 2010 Bankruptcy Case under Bankruptcy Rule 9019 on July 11, 2011. (Adv. Pro. No. 10-01311-jbr, ECF No. 15; Case No. 10-47430-jbr, ECF No. 144.) The approval of the Stipulation authorized the Debtor to settle a contested adversary proceeding seeking recovery on an unliquidated claim. It was not an order directing turnover under § 542. <u>C.f.</u> <u>BSL Operating Corp. v. 125 E. Taverns, Inc. (In re BSL Operating Corp.)</u>, 57 B.R. 945, 952 (Bankr. S.D.N.Y. 1986) (holding that §

8

349(b)(2) does not vacate an order entered under § 365 because § 365 is not one of the sections specifically enumerated in § 349(b)(2)).

    II.    <u>Section 349(b)(3)</u>

In the alternative, the Defendant asserts that the right to payment created by the Stipulation revested in OTR Media Group upon dismissal of the 2010 Bankruptcy Case by operation of § 349(b)(3). Section 349(b)(3) "revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case." 11 U.S.C. § 349(b)(3). Because the "dismissal undoes the bankruptcy case, there is, upon dismissal, no longer any bankruptcy estate." <u>Crawford v. Franklin Credit Mgmt. Corp.</u>, 758 F.3d 473, 485 (2d Cir. 2014). The bankruptcy estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case" and "[a]ny interest in property that the estate acquires after the commencement of the case." 11 U.S.C. § 541(a)(1), (7). Therefore, if property of the estate was vested in an entity immediately before the commencement of the case, such property will revest in that entity upon dismissal unless the court orders otherwise for cause.

    A.    <u>The right to payment did not vest in the defendant immediately before the commencement of the 2010 Bankruptcy Case.</u>

Here, no property of the estate was vested in the Defendant prior to the 2010 Bankruptcy Case. The right to payment on the Debtor's claims against the Defendant was not vested in any entity other than the Debtor prior to the 2010 Bankruptcy Case. Certainly it was not vested in the Defendant; the Defendant had no right to payment with respect to the claims asserted by the Debtor against it in the 2010 Adversary Proceeding. Nor does the compromise of the Defendant's counterclaims by the Defendant pursuant to the Stipulation constitute a transfer of property to the Debtor that was vested in the Defendant prior to the 2010 Bankruptcy Case. The Stipulation

9

provides for the full and final settlement of those counterclaims along with the claims asserted by the Debtor against the Defendant. The counterclaims were not assigned to the Debtor.

Other courts have found that stipulations entered into during a chapter 11 case remain enforceable following the dismissal of the case. In United States v. Ramirez, 291 B.R. 386 (N.D. Tex. 2002), the court held that dismissal of the debtors' chapter 11 case did not vitiate the binding effect of stipulations contained in a chapter 11 plan. Ramirez, 291 B.R. at 392. Under the terms of the plan in that case, the debtors were obligated to pay the government the value of several tracts of land. Id. at 390. The debtors failed to make any voluntary payments to the government under the terms of the plan, although some involuntary collections were made. Id. Subsequently, the bankruptcy case was dismissed. Id. The court determined that the dismissal of the debtors' chapter 11 case did not vacate the chapter 11 plan which constituted a binding contract between the parties which the government was entitled to enforce. Id. at 392.

Here, similarly, the Stipulation is a binding contract entered into during the 2010 Bankruptcy Case. The dismissal of the case does not affect the enforceability of that contract.

  B. The cases cited by the Defendant are inapposite.

In Hilderbrand v. United States, 905 F. Supp. 774 (E.D. Cal. 1995), the district court refused to set aside an agency determination by the Farmers Home Administration denying an application for debt restructuring. Hilderbrand, 905 F. Supp. 774. The petitioner's challenge to the agency's determination was based in part on the fact that, in a prior bankruptcy case, the petitioner had filed a plan of reorganization that included a restructured payment amount which, petitioners contended, the agency had orally agreed to. Id. at 777. The court found that the record of the bankruptcy case showed that the approval of the plan by the bankruptcy court was a condition to the agency's agreement, and that the dismissal of the bankruptcy case without confirmation of the plan prevented the debtors from enforcing the terms of the plan. Id. at 785.

In Ramirez, the stipulation in question was in writing and approved by the court under Bankruptcy Rule 9019. In Hilderbrand, by contrast, the agreement between the debtor and the Farmers Home Administration was never accepted in writing by the agency or approved by the bankruptcy court. In the 2010 Adversary Proceeding, as in Ramirez, the court reviewed the merits of the written and signed Stipulation, determined that approval of the Stipulation was in the "best interest[s] of the Debtor," and entered an order approving the Stipulation. (Adv. Pro. No. 10-01311-jbr, ECF No. 15; Case No. 10-47430-jbr, ECF No. 144.)[4]

The Defendant also cites Home Insurance Company v. Thomas Duckett Construction Company (In re Rush), 49 B.R. 158 (Bankr. N.D. Ala. 1985), where the court declined to reopen a dismissed involuntary bankruptcy case and related adversary proceeding to enforce a settlement agreement that was not approved by the court under Bankruptcy Rule 9019. Home Ins. Co. v. Thomas Duckett Constr. Co. (In re Rush), 49 B.R. at 161-163. Prior to dismissal of the bankruptcy case, the alleged debtor and a petitioning creditor commenced an adversary proceeding against a third party. Id. at 160. Three weeks later, the parties filed a joint application for dismissal of the adversary proceeding. Id. Attached to the joint application was a "settlement agreement," executed on behalf of the parties. Id. The order signed by the court dismissing the adversary proceeding did not approve the settlement agreement. Id. Subsequently, the bankruptcy case was dismissed. Id. Two years later, the alleged debtor moved to enforce the settlement agreement in the bankruptcy court. Id. The court held that it could not enforce the settlement agreement because the settlement in that case had not been approved by the court, and because there was no

---

[4] In re Gaskin, 120 B.R. 13 (D.N.J. 1990), cited by Defendant, is also inapposite. The legal issue in Gaskin concerned whether the automatic stay under § 362 terminated the foreclosure process. Gaskin, 120 B.R. 13. Gaskin does not address the enforceability of a stipulation resolving an adversary proceeding in a prior bankruptcy case, and has no bearing on this case.

11

independent ground of jurisdiction. Id. at 161-62. The Rush court also noted that the bankruptcy court was not the proper forum for enforcement of the settlement agreement because the bankruptcy case had been dismissed and "all bankruptcy matters, such as they were, have long since been laid to rest." Id. at 162.

Conversely, in this case, the stipulation was approved by the court in the 2010 Bankruptcy Case. Moreover, the Trustee is not seeking to reopen the 2010 Bankruptcy Case or the 2010 Adversary Proceeding; the Trustee is seeking in this pending adversary proceeding to enforce the rights under the Stipulation for the benefit of the estate in this pending chapter 7 case. This Court clearly has jurisdiction to enter an order in this adversary proceeding enforcing the Stipulation. Indeed, the Rush court specifically contemplated that the settlement agreement in that case could be enforced in a different forum. Id. at 162 ("[t]here does not seem to be any good reason why whatever dispute now exists between some of these parties should not be resolved in some other court.") This is such a forum where enforcement of the Stipulation may be sought.[5]

### III.     The Stipulation is an Enforceable Contract

A stipulation is a contract, to be enforced under principles of contract law. In re Waters, No. 99–31833, 2010 WL 2940858, at *1 (Bankr. D. Conn. July 23, 2010); In re Royster Co., 132 B.R. 684, 687–88 (Bankr. S.D.N.Y. 1991); HLO Land Ownership Assocs. Ltd. P'ship. v. City of Hartford, 727 A.2d 1260 (Conn. 1999); Miller v. Fitzpatrick, 47 N.Y.S.3d 378 (N.Y. App. Div. 2017); Ayers v. Ayers, 92 A.D.3d 623, 624 (N.Y. App. Div. 2012). Where the intention of the parties is clearly and unambiguously set forth, effect must be given to the intent as stated by the language used. Miller, 47 N.Y.S.3d at 381.

---

[5] The Defendant's argument that the Trustee engaged in improper forum shopping must also be denied for this reason.

The Stipulation provides that "OTR [Media Group] shall pay to [the Debtor] the sum of two-hundred fifty thousand ($250,000.00) dollars in full and final settlement of all claims." (Stipulation ¶ 1.)  OTR Media Group further agreed to withdraw its affirmative defenses and counterclaims in the 2010 Adversary Proceeding.  (Id. at ¶ 3.)  In the event of default, the Stipulation provides that the Debtor shall be permitted to seek entry of "judgment against OTR [Media Group], without further notice, in the amount of three hundred thousand ($300,000.00) dollars less credits for payments actually made pursuant to this Stipulation." Id. at ¶ 5.  Finally, the Stipulation stated that it was binding upon all successors and assigns, and that no waiver of any provision of the Stipulation shall be valid unless such waiver is made in a writing signed by the parties.  (Stipulation at ¶¶ 11, 13.)  The Debtor, OTR Media Group, and their respective counsel signed the Stipulation in April of 2011.

The clear, specific, and unambiguous language of the Stipulation, followed by the Debtor's unopposed motion for approval of the Stipulation under Bankruptcy Rule 9019, present compelling and uncontradicted evidence that the Debtor and the Defendant intended to enforce the Stipulation as written.  Accordingly, the Stipulation must be enforced according to the plain meaning of its terms.  The terms of the Stipulation provide that, in the event of default, the Debtor is entitled to judgment against the Defendant in the amount of $300,000 dollars less credits for payments actually made pursuant to the Stipulation.  (Stipulation ¶¶ 5, 9.)  Furthermore, this decision need not reach the merits of the Defendant's affirmative defenses and counterclaims, because they are expressly withdrawn by the terms of the Stipulation. (Stipulation ¶ 3.) See Ramirez, 291 B.R. at 392 (holding that stipulations in a chapter 11 plan were binding and enforceable under general principles of contract law, even though the bankruptcy case had been dismissed).

IV.     Procedural Objections

The Defendant also raises various unpersuasive procedural objections to the Trustee's Motion for Summary Judgment.   First, the Defendant argues that the Trustee has not introduced admissible evidence in support of his motion. However, pursuant to Rule 201 of the Federal Rules of Evidence, the Court may take judicial notice of the Stipulation, and the order approving the stipulation, given that they are not subject to reasonable dispute because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Therefore, there is sufficient evidence to establish the Trustee's entitlement to summary judgment.

Next, the Defendant argues that the Trustee filed the amended complaint asserting the estate's claim under the Stipulation without authorization under Rule 15 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding pursuant to Rule 7015 of the Federal Rules of Bankruptcy Procedure.  However, as reflected on the docket of this adversary proceeding, the Court authorized the Trustee to file an amended complaint at the pre-trial conference held on June 2, 2016.  Therefore, this argument must be rejected.

The Defendant's last argument is that the Trustee did not file a statement of undisputed fact as required by E.D.N.Y. Local Bankruptcy Rule 7056-1.  However, E.D.N.Y. Local Bankruptcy Rule 1001-1(c) expressly authorizes the Court to modify or suspend the requirements set forth in the E.D.N.Y. Local Bankruptcy Rules in the interest of justice or for cause.  E.D.N.Y. LBR 1001-1(c).  Given that none of the relevant facts are in dispute (see Def.'s Res. and Counter-Stmt. of Facts Which are Not Disputed Pursuant to Local Rule 7056-1, ECF No. 23-6), it is appropriate to waive the requirement of E.D.N.Y. Local Bankruptcy Rule 7056-1.

## CONCLUSION

For the reasons stated above, the Trustee's Motion for Summary Judgment is granted and the Defendant's motion for summary judgment is denied. An order and a judgment consistent with this decision will be entered.



Dated: Brooklyn, New York
July 27, 2017

Carla E. Craig
United States Bankruptcy Judge