UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                          Chapter 7

Ladder 3 Corp,                                                  Case No. 14-40806-cec
                              Debtor.
-------------------------------------------------------------x
Robert J. Musso, Chapter 7 Trustee of the Estate
of Ladder 3 Corp.,                                             Adv. Pro. No. 16-01053-cec

                              Plaintiff,
v.

OTR Media Group, Inc.,

                              Defendant.
-------------------------------------------------------------x


DECISION DENYING DEFENDANT'S MOTION
FOR RELIEF FROM ORDER AND JUDGMENT


APPEARANCES


Dov Ber Medinets, Esq.                    Wayne M. Greenwald, Esq.
Gutman Weiss, P.C.                        Wayne Greenwald, P.C.
2276 65th Street, 2nd Fl.                 475 Park Avenue South, 26th Fl.
Brooklyn, NY 11204                        New York, NY 10016
Counsel for the Plaintiff                 Counsel for the Defendant


CARLA E. CRAIG
Chief United States Bankruptcy Judge

This matter comes before the Court on the motion by OTR Media Group, Inc. ("OTR") for relief from an order granting summary judgment in favor of Robert J. Musso (the "Trustee"), chapter 7 trustee of the estate of Ladder 3 Corp. ("Ladder 3"), and the money judgment entered therewith.  OTR asserts that the Order and Judgment are void and should be vacated pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure because this Court, as an Article I court, did not have authority to enter final judgment.  For the reasons set forth below, the motion is denied.

## JURISDICTION

This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b), and the Eastern District of New York standing order of reference dated August 28, 1996, as amended by order dated December 5, 2012.

## BACKGROUND

The following facts are undisputed and were recited in the underlying decision granting the Trustee's motion for summary judgment.

OTR is an outdoor advertising company that leases and sells billboards, bulletins, wallscapes, and spectaculars in locations throughout New York City.  (Mot. for Summ. J., ¶ 4, ECF No. 20.)[1]  Ladder 3 rigged, erected, maintained, and removed the same billboards, bulletins, wallscapes, and spectaculars that OTR Media Group leased and sold.  (Mot. for Summ. J., ¶ 5, ECF No. 20.)  On or about August 2, 2010, Ladder 3 commenced an action against OTR in the Supreme Court of New York, County of Kings, pleading breach of contract, account stated, and quantum meruit.  (Adv. Pro. No. 10-01311-jbr, ECF No. 1.)  On August 4, 2010, Ladder 3 filed a petition for relief under chapter 11 of the Bankruptcy Code (the "2010 Bankruptcy Case").

---

[1] All references to "ECF No." are to documents filed in Adv. Pro. No. 16-01053-cec, unless otherwise stated.

(Case No. 10-47430-jbr, ECF No. 1.)  On October 7, 2010, Ladder 3 filed a notice of removal to the United States District Court for the Eastern District of New York, and the action was then referred to the United States Bankruptcy Court for the Eastern District of New York (the "2010 Adversary Proceeding").  (Adv. Pro. No. 10-01311-jbr, ECF No. 1.)  On January 10, 2011, OTR filed an answer to the complaint in the 2010 Adversary Proceeding, and asserted counterclaims under state law.  (Adv. Pro. No. 10-01311-jbr, ECF No. 5.)

On June 16, 2011, Ladder 3 sought approval from the bankruptcy court of a stipulation settling the 2010 Adversary Proceeding (the "Stipulation").  (Adv. Pro. No. 10-01311-jbr, ECF No. 14.)  The stipulation provided that OTR would pay Ladder 3 $250,000 in full and final settlement of the 2010 Adversary Proceeding.  (Stipulation, Case No. 10-47430-jbr, ECF No. 136, Ex. A ¶¶ 1, 3; Stipulation, Adv. Pro. No. 10-01311-jbr, ECF No. 14, Ex. A.)  OTR agreed to pay $12,500 per month commencing on July 1, 2011 and continuing on the first day of each month thereafter, until the $250,000 was paid in full.  (Stipulation ¶¶ 1(a), 1(b).)  The Stipulation further provided that in the event of default, Ladder 3 would be entitled to recover legal fees from OTR, and to "reinstate this adversary proceeding … for the sole purpose of immediately entering judgment against [OTR], without further notice, in the amount of three hundred thousand ($300,000) dollars less credits for payments actually made pursuant to this Stipulation." (Stipulation ¶¶ 5, 9.)

On July 11, 2011, the Court issued an order approving the Stipulation.  (Adv. Pro. No. 10-01311-jbr, ECF No. 15; Case No. 10-47430, ECF No. 144.)  The 2010 Adversary Proceeding was closed on August 3, 2011.  (See Adv. Pro. No. 10-01311-jbr.)  On August 24, 2011, OTR

made one payment under the Stipulation, and defaulted on all subsequent payments.[2]  (Am. Compl. ¶¶ 19-20, ECF No. 11.)

On December 7, 2011, Ladder 3 filed an unopposed motion to dismiss the 2010 Bankruptcy Case.  (Mot. to Dismiss, Case No. 10-47430-jbr, ECF No. 193.)  Ladder 3 stated that it had "worked through its problems with various creditors, coming to agreements that did not require plan confirmation."  (Mot. to Dismiss ¶ 4, Case No. 10-47430-jbr, ECF No. 193.)  The court granted the motion to dismiss on January 18, 2012.  (Order Dismissing Case, Case No. 10-47430-jbr, ECF No. 204.)

A little over two years later, on February 26, 2014, Ladder 3 filed a petition under chapter 7 commencing this bankruptcy case and the Trustee was appointed.  (Petition, Case No. 14-40806-cec, ECF No. 1.)  On June 4, 2014, the Trustee filed a no asset report.  (Case No. 14-40806-cec.) On June 5, 2014, a final decree was issued, and this chapter 7 case was closed. (Case No. 14-40806-cec, ECF No. 8.)

On August 6, 2015, the Trustee filed a motion to reopen this bankruptcy case to collect a pre-petition judgment owed to Ladder 3.  (Case No. 14-40806-cec, ECF No. 9.)  On September 21, 2015, the Court issued an order reopening this chapter 7 case to permit the Trustee to administer the assets, and deemed the Trustee's no asset report withdrawn.  (Case No. 14-40806-cec, ECF No. 10.)

On February 22, 2016, the Trustee filed a complaint commencing this adversary proceeding against OTR, which was amended on June 17, 2016, alleging that OTR had breached the Stipulation by failing to pay all but one of the payments under the Stipulation, and seeking

---

[2] OTR filed a voluntary petition under chapter 11 of the Bankruptcy Code on August 25, 2011.  (Case No. 11-47385-ess, ECF No. 1.)  That bankruptcy case was dismissed on January 7, 2014.  (Case No. 11-47385-ess, ECF No. 584.)

judgment in the amount of $287,500 under the terms of the Stipulation.  (Am. Compl., ECF No. 11.) On November 16, 2016, OTR filed an answer, asserting affirmative defenses and state law counterclaims for breach of contract and interference with contract.  (Answer, ECF No. 18.)

On December 30, 2016, the Trustee moved for summary judgment, asserting that OTR breached the Stipulation by defaulting under the terms of the Stipulation (the "Motion for Summary Judgment").  (Mot. for Summ. J., ECF No. 20.)  On February 4, 2017, OTR filed opposition (the "Opposition") to the Motion for Summary Judgment, contending that 11 U.S.C. § 349(b)(2) and (3) rendered the Stipulation null and unenforceable upon the dismissal of the 2010 Bankruptcy Case.[3]  (Opp'n to Summ. J., ECF No. 23-7.)  OTR also cross-moved for summary judgment.  (Opp'n to Summ. J., ECF No. 23-7.)

The Court held a hearing on the Motion for Summary Judgment on February 14, 2017. (Mot. Summ. J. Hr'g Tr.[4] Feb. 14, 2017, ECF No. 26.)  OTR did not dispute that it had voluntarily executed the Stipulation with Ladder 3, and had consented in the Stipulation to enforcement of the Stipulation by the bankruptcy court, nor did OTR dispute that the bankruptcy court had approved the Stipulation pursuant to Federal Rule of Bankruptcy Procedure 9019 in the 2010 Adversary Proceeding and the 2010 Bankruptcy Case.  (Mot.  Summ. J. Hr'g Tr. 4:4-9, ECF No.26.)  There was no dispute that OTR breached the Stipulation by failing to make any payments following the first payment of $12,500.  (Mot. Summ. J. Hr'g Tr. 14:20-25, ECF No. 26.)

On July 27, 2017, the Court issued a decision rejecting OTR's argument that § 349(b) rendered the Stipulation null and unenforceable upon the dismissal of the 2010 Bankruptcy Case, and issued an order (the "Order") granting the Trustee's motion for summary judgment, and

---

[3] Unless otherwise indicated, all statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101, et seq.
[4] "Tr." refers to the transcript of the hearing held on the date indicated.

denying OTR's motion for summary judgment.  (ECF Nos. 28, 29.)  The Court also entered a money judgment of $287,500 against OTR (the "Judgment"). (ECF No. 30.)

On August 10, 2017, OTR filed a notice of appeal.  (ECF No. 34.)  OTR did not seek a stay pending appeal.  However, on August 23, 2017, after the Trustee issued a restraining notice to collect on the Judgment, OTR filed an emergency motion to vacate the Order and Judgment pursuant to Rule 60(b)(4) ("OTR's Motion"), arguing that the Order and Judgment are void because this Court lacked the constitutional authority to issue a final judgment in this matter, which OTR contends is non-core.  (ECF No. 42.)

On August 23, 2017, the Court issued an order scheduling a hearing on OTR's Motion, and staying enforcement of the Judgment pending the determination of the motion. On August 28, 2017, the Trustee filed opposition to OTR's Motion.  A hearing was held on August 29, 2017, and the parties filed post-hearing memoranda of law.

## LEGAL STANDARD

Rule 60(b)(4) of the Federal Rules of Civil Procedure (the "Rules"), made applicable to this adversary proceeding pursuant to Rule 9024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules), provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding [if] . . . . the judgment is void." Fed R. Civ. P. 60(b)(4).  OTR argues that relief is warranted pursuant to Rule 60(b)(4), arguing that the Order and Judgment are void because this adversary proceeding is an action to enforce a pre-petition contract, and as such, this Court lacked authority to enter final judgment. OTR asserts that, instead of issuing the Order and Judgment, this Court should have instead submitted findings of facts and conclusions of law to the district court pursuant to 28 U.S.C. § 157(c)(1).

Before addressing the merits of this motion, it is necessary to determine the impact, if any, that OTR's pending appeal has on this Court's jurisdiction to rule on OTR's Motion.  The Supreme Court has held that "[t]he filing of a notice of appeal is an event of jurisdictional significance - it confers jurisdiction on the court of appeal and divests the district court [or here, bankruptcy court] of its control over those aspects of the case involved in the appeal."  Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982).  "[T]he docketing of a notice of appeal 'ousts the district court of jurisdiction except insofar as it is reserved to it explicitly by statute or rule.'"  Toliver v. County of Sullivan, 957 F.2d 47, 49 (2d Cir. 1992) (quoting Ryan v. United States Line Co., 303 F.2d 430, 434 (2d Cir. 1962).

Bankruptcy Rule 8008(a) is such a rule.  It provides:

> If a party files a timely motion in the bankruptcy court for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the bankruptcy court may:
> (1) defer considering the motion;
> (2) deny the motion; or
> (3) state that the court would grant the motion if the court where the appeal is pending remands for that purpose, or state that the motion raises a substantial issue.

Fed. R. Bankr. P. 8008(a).

## DISCUSSION

The Defendant argues that the Court lacked jurisdiction to enter the Order and Judgment because this adversary proceeding is not a core proceeding.  The Trustee argues that the adversary proceeding is a core proceeding in which the Court was authorized to enter the Order and Judgment. The Trustee further argues that, in any event, OTR consented to entry of final judgment by the bankruptcy court.

It is important to note at the outset that "that the issues of jurisdiction and final adjudicative power are distinct." Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP,

462 B.R. 457, 471 (S.D.N.Y. 2011).  The bankruptcy court's jurisdiction is governed by 28

U.S.C. § 1334(b), which provides that "the district courts shall have original but not exclusive

jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under

title 11."  28 U.S.C. § 1334(b).   Section 157 of that title "permits the district courts to refer

bankruptcy matters to bankruptcy courts, [and] delineates the division of labor between the

district court and the bankruptcy court." N.Y. Skyline, Inc. v. Empire State Bldg. Trust Co. (In re

N.Y. Skyline, Inc.), 512 B.R. 159, 171 (S.D.N.Y. 2014), aff'd, 601 F. App'x 52 (2d Cir. 2015).

Pursuant to 28 U.S.C. § 157(b)(1), a bankruptcy court is statutorily authorized to enter

final judgments in "core" proceedings "that arise in a bankruptcy case or under Title 11."  28

U.S.C. § 157(b)(1).  Section 157(b)(2) provides a non-exhaustive list of matters that are

designated "core." 28 U.S.C. § 157(b)(2).  However, a bankruptcy court's authority is more

limited in matters that are not "arising under" or "arising in," but are simply "related to" a

bankruptcy case.  The bankruptcy court may hear such proceedings, but may not enter final

judgment absent consent of the parties; rather, pursuant to 28 U.S.C. § 157(c)(1), "the

bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district

court, and any final order or judgment shall be entered by the district judge after considering the

bankruptcy judge's proposed findings and conclusions. . . ." 28 U.S.C. § 157(c)(1).

Prior to 2011, the analysis whether the bankruptcy court had authority to enter final

judgment was limited to a "core" or "non-core" determination under § 157(b).  However, in

Stern v. Marshall, 564 U.S. 462 (2011), the Supreme Court held that, notwithstanding a matter's

"core" status and statutory authority to enter final judgment, the bankruptcy court, as a non-

Article III court, may lack constitutional authority to enter final judgment. "When a suit is made

of 'the stuff of the traditional actions at common law tried by the courts at Westminster in 1789,'

and is brought within the bounds of federal jurisdiction, the responsibility for deciding that suit

rests with Article III judges in Article III courts." 564 U.S. at 484 (citations omitted).  As such,

the Supreme Court ruled that a bankruptcy court may not enter final judgment unless the parties

consent or the claim at issue is (1) a public right or (2) will necessarily be resolved in ruling on a

creditor's proof of claim. Id. at 482, 492, 499; Dynegy Danskammer, L.L.C. v. Peabody

COALTRADE Int'l Ltd., 905 F. Supp. 2d 526, 528 (S.D.N.Y. 2012). Public rights are those

"derive[d] from a federal regulatory scheme, or in which resolution of the claim by an expert

government agency is deemed essential to a limited regulatory objective within the agency's

authority," while private rights involve '"the liability of one individual to another under the law

as defined.'"  564 U.S. at 489, 490 (quoting Crowell v. Benson, 285 U.S. 22, 50, 51 (1932)). Put

simply, "what makes a right 'public' rather than private is that the right is integrally related to

particular federal government action."  Id. at 490-91.

It is clear that the approval of the settlement of the 2010 Adversary Proceeding was a

proceeding "arising under title 11" in the 2010 Bankruptcy Case.  In re Residential Capital, LLC,

497 B.R. 720, 745 (Bankr. S.D.N.Y. 2013) ("The [m]otion is a proceeding under Bankruptcy

Rule 9019 and therefore constitutes a 'proceeding arising under title 11' for purposes of 28

U.S.C. § 1334(b).")  And, whether or not this Court had constitutional authority to enter final

judgment on the contract claims asserted by the Trustee in the 2010 Adversary Proceeding, it is

clear that the Court was authorized to approve the Stipulation under Bankruptcy Rule 9019 as

"arising under" or "arising in" the 2010 Bankruptcy Case; that the motion to approve the

Stipulation was a core proceeding; and that OTR consented to the Court's issuance of the order

approving the Stipulation; and consented in the Stipulation to enforcement of the Stipulation and

entry of judgment by the bankruptcy court.

OTR argues that this adversary proceeding is not a core proceeding because the Court is enforcing an order entered by a different judge in a different bankruptcy case that was pending in this Court.  This argument must be rejected because "[e]nforcement and interpretation of orders issued in core proceedings are also considered core proceedings within the bankruptcy court's jurisdiction." In re FormTech Indus., 439 B.R. 352, 357 (Bankr. D. Del. 2010) "[T]his is true even when a second court is asked to enforce the order."  Russian Media Group, LLC v. Echostar Commc'ns Corp., No. 3:03-CV-1263 (WWE), 2009 WL 4036849, at *5 (D. Conn. Nov. 19, 2009) (citing cases).  This adversary proceeding, which sought to enforce the Stipulation and order approving it, falls within this Court's "arising in" jurisdiction and is a core proceeding pursuant to 28 U.S.C. § 157(b).  In re Motors Liquidation Co., 522 B.R. 13, 20 (Bankr. S.D.N.Y. 2014) ("It has been repeatedly held that bankruptcy judges have 'arising in' jurisdiction to construe and enforce orders they had earlier signed.").

Moreover, the Trustee's adversary proceeding against OTR falls within the public right exception outlined in Stern.  This adversary proceeding does not involve a private right relating to the "'the liability of one individual to another under the law as defined.'"  Stern, 564 U.S. at 489 (quoting Crowell v. Benson, 285 U.S. 22, 50, 51 (1932)).  Rather, it relates to the Court's ability to enforce an order entered in this Court, which is integrally related to the Court's function.

OTR argues that the Court's order merely approved the Stipulation, but did not "so-order" it to make the provisions binding on the parties.  OTR argues that the Stipulation is simply a contract and should not be enforced as an order of the Court.  This argument must be rejected.  While it may be true that a court may not amend a contract between the parties, that is not the

situation here.  The approval of the Stipulation by separate order pursuant to Bankruptcy Rule 9019 is the equivalent of "so-ordering" it, and OTR has not provided authority to the contrary.

Because this adversary proceeding was a core proceeding and involved a public right, namely enforcement of a stipulation approved under Bankruptcy Rule 9019, this Court had authority to enter the Order and Judgment.   This conclusion is consistent with case law examining <u>Stern</u>'s impact on a bankruptcy court's authority to enforce its orders.  <u>See</u> <u>In re Watson</u>, No. 2009-10002, 2016 WL 3349666, at *9 (D.V.I. June 15, 2016) (holding that the bankruptcy court's enforcement of an order approving the sale of estate property involved administration of public rights); <u>Prime Healthcare Servs., Inc. v. Hudson Hosp. Pro Pco, Inc., (In re Christ Hosp.)</u>, Civ. Action. No. 14-472 (ES), 2014 WL 4613316, at *9 (D.N.J. Sept. 12, 2014) (finding that <u>Stern</u> does not affect the bankruptcy court's authority to enforce its own orders); <u>Ardi Ltd. P'ship v. The Buncher Co. (In re River Entm't Co.)</u>, 467 B.R. 808, 816-18 (Bankr. W.D. Pa. 2012) (finding that <u>Stern</u> did not preclude bankruptcy court's authority to interpret and enforce court's prior order); <u>Moore v. Paladini (In re CD Liquidation Co., LLC)</u>, 462 B.R. 124, 136 (Bankr. D. Del. 2011) (finding that an injunction motion did not "raise any substantive or state law issues," but instead sought to enforce the confirmation order).

Additionally, the Supreme Court in <u>Wellness Int'l Network, Ltd. v. Sharif</u>, 135 S. Ct. 1932 (2015), made it clear that parties can consent to bankruptcy court adjudication of matters that would otherwise be reserved for Article III determination. <u>Wellness Int'l Network</u>, 135 S. Ct. at 1944-45.  To the extent that there is any doubt about whether enforcement of the Stipulation is within the scope of Article I authority, it is clear that OTR consented to entry of final judgment by the bankruptcy court.   The Stipulation provided for entry of judgment by the bankruptcy court in the event OTR defaulted:

> In the event that OTR defaults in any of its obligations hereunder and said default(s) remain uncured for a period of seven (7) days after receipt of written notice of default served in the manner provided herein for notices, Ladder 3 shall be permitted immediately to reinstate this adversary proceeding by filing a notice of reinstatement in this Court for the sole purpose of immediately entering judgment against OTR, without further notice, in the amount of three hundred thousand ($300,000.00) dollars less credits for payments actually made pursuant to the Stipulation of Settlement.

(Stipulation ¶ 5.)

It is irrelevant to the question of a bankruptcy court's constitutional authority to enter a final judgment enforcing the Stipulation that the Trustee sought to enforce the Stipulation by commencing an adversary proceeding in this case, rather than by moving to vacate the dismissal order of the 2010 Bankruptcy Case and to reinstate the 2010 Adversary Proceeding. First, no grounds have been proffered to vacate the dismissal order under Rule 60. Second, the Stipulation does not provide that reopening the 2010 Adversary Proceeding is a prerequisite to obtaining judgment in this Court, rather it provides that Ladder 3 (or the Trustee as trustee of Ladder 3's chapter 7 bankruptcy estate) "shall be permitted immediately to reinstate" the 2010 Adversary Proceeding. The fact that the Trustee sought judgment against OTR by commencing an adversary proceeding in this bankruptcy case does not change the fact that OTR consented to entry of judgment by an Article I court. Having consented to Article I enforcement of the Stipulation, OTR cannot claw back that consent because enforcement is sought in a subsequent bankruptcy case. In other words, even where a party has a constitutional right to decide whether to insist upon Article III adjudication or to consent to determination of the matter by the bankruptcy court, the party, having consented to bankruptcy court adjudication, has no

constitutional right to insist that the matter be heard in a particular bankruptcy case or by a particular bankruptcy court or judge.

OTR argues that, because <u>Stern</u> was issued after the Stipulation was approved, OTR could not have waived its right to final determination by an Article III court because that right was unknown under existing case law.  This argument must be rejected. There is a difference between waiver and express consent.  <u>Compare</u> <u>N.Y. Skyline</u>, 512 B.R. at 176 (finding that a party did not expressly consent to Article III determination) <u>with</u> <u>In re Olde Prairie Block Owner, LLC</u>, 457 B.R. 692, 699-702 (Bankr. N.D. Ill. 2011) (finding that <u>Stern</u> did not change the party's express consent to final adjudication by the bankruptcy court).  Here, OTR voluntarily entered into the Stipulation, expressly consented to the bankruptcy court's approval of the Stipulation, and expressly consented to entry of judgment by the bankruptcy court in the event of default.  The Supreme Court's decision in <u>Stern</u> does not vitiate OTR's express consent to entry of final judgment by this Court.

<u>CONCLUSION</u>

For these reasons, the OTR's Motion must be denied. A separate order will enter herewith. In the event the district court concludes that this Court did not have constitutional authority to enter the Order and Judgment, pursuant to the administrative order of the United States District Court for the Eastern District of New York dated December 5, 2012, "the district court may treat any order or judgment of the bankruptcy court as proposed findings of fact and conclusions of law."

**Dated: Brooklyn, New York**
**January 22, 2018**

_____
**Carla E. Craig**
**United States Bankruptcy Judge**